GUIDRY, J.,
concurs ánd assigns reasons.
hi concur in the result of the majority opinion that affirms the court of appeal judgment, particularly with regard to the civil monetary penalties sought pursuant to La.Rev.Stat. 22:1931.6 and La. Rev. Stats. 22:1931.5(B) and (C), as well as the forfeiture provisions of La.Rev.Stat. 22:1931.12. I additionally concur in the affirmation of the lower courts’ rulings with regard to the State’s claims under the Louisiana Unfair Trade .Practices Act prior to the effective date of the relevant provisions of that act. I write, separately because. I believe the State may be able to seek recovery for actual damages pursuant to La.Rev.Stat. 22;1931.5(A)(1), assuming such damages are properly pleaded and provable.
The defendant entered a plea of guilty in federal court to one count of violating 18 U.S.C. § 1347, which triggered a mandatory restitution order pursuant to 18 U.S.C; § 3663A. The corresponding state insurance fraud provision has a similar mandatory restitution requirement that includes ‘^payment of restitution to the victim company of any insurance payments to the defendant that the court determines was [sic] not owed and the costs incurred by the victim company associated with the evaluation and defense of the fraudulent claim....” La.Rev.Stat. 22:1924(A)(1). The federal court in fact, as part of the defendant’s plea agreement with the gov- *164 eminent, imposed restitution ■ in the amount of $948,249.11, and the defendant tendered a cashier’s- check to the registry of the court in that ^amount. One element of the charged offense in federal court was that the defendant knowingly executed or attempted to execute a scheme or plan to defraud health care benefit programs, which in the federal case were identified as Medicare, Medicaid, and private insurance companies. See 18 U.S.C. § 1347; see also State’s Exhibit C (which includes the plea agreement, an affidavit of understanding of maximum penalty, a document advising the défendant of the elements of the offense, and a stipulated factual basis for the guilty plea). The “Stipulated Factual Basis for Guilty Plea” in fact notes the defendant “fraudulently received reimbursement from Medicare, Medicaid, and private insurance companies, totaling $948,249.11.” Thus, on the face of the record before us, it appears the defendant made- complete restitution to all health care benefit programs that were the victims of his fraudulent scheme.
However, it must be presumed the State is seeking recovery of damages against victims of the defendant’s fraudulent scheme that were not included in the federal restitution order, because La.Rev. Stat. 22:1931.6(A)(1) clearly provides that “[a]ctual damages incurred as a result of a violation of the provisions of this Part shall be recovered only once by the insurer and shall not be waived by the court.” The State has set forth the amount of damages allegedly incurred by each of 28 insurance companies, including affidavits from fraud investigators for two of those companies. The alleged damages total $478,838.69, according to the State’s petition. But nowhere in its petition does the State allege the federal restitution order failed to include these 28 insurance companies, and as I noted above, it would appear from the State’s petition and the documents filed in support thereof that the federally-ordered restitution amount included all damages against all-victim insurance companies, as well as the Medicare and Medicaid health care programs.
Had the State sufficiently pleaded this distinction, I believe the defendant’s Isdaim the State is seeking to apply the Sledge Jeansonne Act retroactively might not lie, because restitution was mandatory u'ndér both the federal and state insurance fraud statutes in effect at the time of the alleged fraudulent scheme. The guilty plea in federal court thus would have commenced the State’s right to seek recovery under the Sledge jeansonne Act of damages the State could have always recovered under La,Rev.Stat. 22:1294, the Act merely allowing the State the alternative of doing so based on the federal guilty plea. See La.Rev.Stat. 22:1931.4. However, in the absence of any specific allegations in the petition that the restitution ordered and paid in federal court did not encompass all of the damages resulting from the defendant’s fraudulent scheme, I believe the majority correctly affirms the judgment of the court of appeal. I would, though, allow the State on return to the district court to amend its petition, if possible, to plead its entitlement to seek such damages.